## ED BRUNSON v. STATE.

No. A-114.    Opinion Filed December 7, 1910.

(111 Pac. 988.)

EVIDENCE—Venue—Necessity of Evidence. Where there is no evidence of venue in the record, a conviction will be reversed.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

Defendant was convicted for violating the prohibitory liquor law of the state, and was fined in the sum of $200, and sentenced to 30 days' imprisonment in the county jail. Defendant appealed. Reversed and remanded.

*Bailey & Kistler,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. Only those allegations in an indictment which involve the guilt of a defendant are to be proved beyond a reasonable doubt. The venue of an offense does not come within this class, but there must be some proof of venue. See *Fuller v. Territory,* 2 Okla. Cr. 86, 99 Pac. 1098. In this case the state did not even attempt to prove venue. It is true that the purchaser of the beer testified that he lived in Muskogee, and had lived there for five or six years; and he also testified that he met the defendant on the street, and asked him if he had any beer. He does not say what street, or in what town this transaction occurred. If he had testified that this transaction occurred in the streets of Muskogee, then the proof of venue would have been sufficient; for the courts of this state take judicial notice of the boundaries of the state, and the counties in the state, and also geographical positions and location of the cities and towns within their jurisdiction. See *Reed v. Territory,* 1 Okla. Cr. 492, 98 Pac. 583, 129 Am. St. Rep. 861.

The other assignments of error have all been decided against

the contention of the appellant in previous opinions of this court, and it would therefore be a waste of time to repeat here what has been said in other cases.

For the error of the court in refusing to grant the defendant a new trial upon the ground that there is no evidence of venue in the record, the judgment of the lower court is reversed and remanded, with directions to the trial court to set aside the verdict and grant the defendant a new trial.

DOYLE and RICHARDSON, JUDGES, concur.