## FRANK STANFIELD v. STATE.

No. A-4503.   Opinion Filed April 11, 1925.
(235 Pac. 256.)

(Syllabus.)

1. **Witnesses—Cross-Examination of State's Witnesses as to Interest or Bias.** On cross-examination by a defendant in a criminal case, witnesses for the state may be interrogated by proper questions as to their interest, bias, or lack of bias. Questions asked for the purpose of eliciting testimony of this nature are not to be regarded as collateral.

2. **Same—Right to Question State's Witness Fully as to His State of Intoxication.** Where, in the trial of a criminal case, the evidence shows that the principal witness for the state was intoxicated at the time of the difficulty between the defendant and the deceased, for the purpose of testing his knowledge and credibility, he may be interrogated fully as to his state of intoxication.

3. **Homicide—Self-Defense—Proof of Threats by Deceased Against Defendant Prior to Difficulty Competent.** Where, in a homicide case, an issue of self-defense is presented and evidence in support thereof given, proof of threats made by deceased against the defendant prior to the time of the difficulty is competent.

4. **Evidence—Testimony as to Other Offenses.** The issue in the trial of a criminal case is single, and the testimony should be confined to the issue. Other offenses should not be injected, unless in some manner or under some exception they are relevant to the case on trial.

**5. Trial—Error to Assume in Instructions that Shooting Was Cause of Death Where Evidence that Alcoholic Poisoning was Cause.** Where, in a homicide case by shooting, the defendant admits the shooting, but denies that the shooting was the cause of death, but contends that death was due to alcoholic poisoning, and there is evidence tending to sustain such contention, it is error for the court in his instructions to assume that the shooting was the cause of death.

Appeal from District Court, Tulsa County; Albert C. Hunt, Judge.

Frank Stanfield was convicted of manslaughter and appeals. Reversed and remanded.

Guy F. Nelson, Ed Crossland, W. A. Chase, and Jno. L. Ward, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was charged in the district court of Tulsa county with the crime of murder for the killing of one W. M. Brassfield by shooting. The plaintiff in error admits that he shot the deceased in an altercation after both parties had been drinking considerably, but he claims the shooting was in self-defense, and also contends that the shot was not fatal, and was not the cause of the death of the deceased, and that deceased died from alcoholic and fusel oil poisoning. The jury found the plaintiff in error guilty of manslaughter in the first degree and fixed his punishment at four years in the state penitentiary, from which judgment and sentence this appeal is prosecuted.

Several assignments of error are presented, among them irregularities in the proceedings of the court by which plaintiff in error was prevented from having a fair trial, that the verdict and judgment were not sustained by the evidence, error of the court in excluding

evidence, and error of the court in giving certain instructions.

The record shows that in the course of the trial the plaintiff in error sought to question various witnesses for the state, touching their interest and bias in the case, to which questions the county attorney objected and the objections were sustained by the court. Our examination of the record convinces us that there was error in several rulings upon this line of questions, and that the cross-examination was unduly restricted. In the trial of a homicide case, the defendant on cross-examination may by proper questions interrogate the witnesses for the state as to their interest, bias, or lack of bias, and proper questions propounded for the purpose of eliciting such testimony are not to be regarded as collateral. To exclude such testimony is erroneous. Gibbons v. Ter., 5 Okla. Cr. 212, 115 P. 129.

Complaint is also made that the court excluded testimony offered by the plaintiff in error to the effect that two days prior to the difficulty the deceased had made threats against the plaintiff in error. An examination of the record sustains the contention. Where, in a homicide case, self-defense is set up, and there is evidence in support thereof presented, any threats made by the deceased against the defendant, not too remote, are competent as tending to show the state of mind of the parties at the time and as tending to show who was probably the aggressor. Smith v. State, 14 Okla. Cr. 250, 174 P. 1107; Rogers v. State, 8 Okla. Cr. 226, 127 P. 365; Foster v. State, 8 Okla. Cr. 139, 126 P. 835; Offitt v. State, 5 Okla. Cr. 48, 113 P. 554.

Error is also assigned in the ruling of the court limiting the cross-examination by the plaintiff in error of the witness Yocham. There was only one person present at the difficulty besides the deceased and the plaintiff in error. This

was a witness named Yocham. Under the evidence disclosed by the record this witness was in a state of intoxication at the time of the difficulty, and on behalf of the state he testified at some length. Upon cross-examination counsel for plaintiff in error sought to show that he was so intoxicated that he was incapable of forming just impressions. Various questions propounded were objected to by the state and the objection sustained. We believe the cross-examination was unduly restricted on this point.

It is also argued that there was error of the court in permitting a witness to testify in reference to the plaintiff in error on some other occasion having "shot a nigger." In the trial of a criminal case the issue is single and the testimony should be confined to the offense charged, and other offenses or prejudicial matter should not be injected, unless in some manner, or under some exception to the general rule, relevant to the case on trial. Smith v. State, 5 Okla. Cr. 67, 113 P. 204; State v. Rule, 11 Okla. Cr. 237, 114 P. 807; Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383.

Lastly, it is argued that various instructions of the court assume that the death of deceased was caused by the shot fired by the plaintiff in error. Whether or not the death of deceased was caused by the shooting or was due to alcoholic poisoning was a disputed issue and the evidence on this point was conflicting. Instructions Nos. 7, 19, and 23 assume that death was caused by shooting. These instructions take away from the jury this disputed fact and deprived the plaintiff in error of having that question determined by the jury. This is cured in part by the court's instruction No. 28, in which the jury are told that no person can be convicted, unless the death of the person killed and the fact of the killing by the accused are each established

as independent facts beyond a reasonable doubt, and are further told that, unless they believe these essentials are established beyond a reasonable doubt, they should acquit the defendant, but, as a reversal is necessary, the error complained of on this point should not again arise.

Other assignments are argued in the brief of plaintiff in error, but none of them, we believe, call for any special notice.

On account of the errors referred to the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.