## JOHN PRYOR v. STATE.

No. A-5716.   Opinion Filed June 25, 1927.
(257 Pac. 335.)

Horsley & Stith, for plaintiff in error.

Geo. F. Short, Atty. Gen., and W. L. Murphy, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Osage county on a charge of pointing a pistol and was sentenced to pay a fine of $50 and to serve a term of four months in the county jail.

The principal testimony for the state was given by Mrs. S. C. Harvey, C. W. Ward, and his wife. It is, in substance, that they were on the highway between Wynona and Barnsdall, and had stopped to fix a tire, when a car in which defendant was riding came up and stopped. Defendant got out and asked if they needed any help and was informed that they did not. Immediately following defendant pointed a pistol at S. C. Harvey and ordered him to put up his hands and punched him in the stomach with the gun and threatened to kill him; that defendant acted like he was crazy or drunk. Defendant testified that he was a full-blood Osage Indian; that on the occasion in question he was drunk and had no recollection whatever of any of the matters testified to by the state's witnesses; that he did not know the Harveys or Wards, who were with them, and had no anger or feeling whatever against them. The testimony of some of the persons in the car with defendant was that he was drunk; that the car stopped and he went to where Harvey was; and that they did not see him point a pistol.

The principal contention argued is that the court erred in excluding testimony showing the interest of

the state's witnesses. It appears that S. C. Harvey had a suit for damages against defendant growing out of this transaction in the sum of $60,500, and that the witness Mrs. C. W. Ward had a similar suit against defendant for $10,000 damages. S. C. Harvey was out of the state and did not testify. His wife was asked on cross-examination in reference to the damage suit of her husband. Upon objection, this evidence was excluded. Mrs. Ward was asked on cross-examination if she had a damage suit pending against defendant, and, upon objection, this was excluded. The court said in the first instance:

"Objection sustained. The fact that a damage suit has been filed does not make any difference in this case. * * * There is nobody interested in the outcome of this case, or any other criminal case, except the state of Oklahoma."

In the second instance, the court said:

"The objection is sustained on the theory that the witness does not have any interest in the outcome of this suit under the law."

This ruling was manifestly error. It is clearly within the right of a defendant on cross-examination to ask proper questions touching the interest, animus, bias, or prejudice of a witness. Such evidence is not collateral. It is material and direct as going to the weight and credibility of the evidence. Gibbons v. Territory, 5 Okla. Cr. 212, 115 P. 129; Gilbert v. State, 8 Okla. Cr. 543, 128 P. 1100, 129 P. 671; Stanfield v. State, 30 Okla. Cr. 82, 235 P. 256; Morris v. State, 30 Okla. Cr. 382, 236 P. 443; Durant v. State, 32 Okla. Cr. 288, 240 P. 1088.

The state, however, insists that defendant is manifestly guilty and under section 2822, Comp. St. 1921, the harmless error statute, and the general holding of this court, that this error should not work a re-

versal. These damage suits growing out of this transaction are of a substantial nature. The defendant had a right to show the fact of the pendency of these suits as going to the interest, animus, or bias of the witnesses. While the showing of such facts might not have influenced the finding of a verdict of guilty, it might have affected materially the punishment fixed by the jury. Justice requires that a new trial should be awarded.

The case is reversed and remanded.

DOYLE, P. J., concurring.

DAVENPORT, J., absent, not participating.