## JOHN ROBERTSON v. STATE.

No. A-8105.   Oct. 24, 1931.
Rehearing Denied Nov. 21, 1931.
(5 Pac. [2d] 185.)

White & White, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Le Flore county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for four years.

The evidence of the state was that complaint was made to the officers of Le Flore county that Frank Harper, the deceased, was drunk and creating a disturbance, and that they went out into the neighborhood where he lived looking for him; that they found him and a woman, Rachel Bledsoe, sitting in a car on the highway; that they had been drinking, and that there was a jar with some whisky in it in the car; that, when the officers were unable to start deceased's car, they had him drive it to

the place where he stayed; that deceased was permitted to go into the house and put on a clean shirt; that thereafter defendant and Henry Falconer, the other officer, started to take deceased and the woman to jail at Spiro; that defendant was driving the car, with the Bledsoe woman sitting next to him and the deceased on the other end of the seat; that Falconer stood up behind; that deceased became abusive, and, after cursing the defendant for some time, defendant stopped the car, stood up and struck the deceased on the side of the head with a billy or black-jack; that defendant had borrowed the black-jack from Charley Tobler, an officer in Spiro; that this black-jack was carried on the seat in the car while defendant and the other officer were taking the deceased to jail at Spiro; that blood came out of the nose and mouth of deceased, and that he was rendered practically helpless; that deceased was taken to the jail in Spiro and left there by the defendant and Falconer, and that he died the next day; that death was caused by an eggshell fracture on the left side of the head, made by some blunt instrument; that the next morning defendant said deceased had undertaken to curse him, and he had busted him out.

Defendant, testifying for himself, said that deceased had cursed and abused him for some time and tried to grab the steering wheel and tried to strike him, and that he struck deceased with his fist; he admitted that he had a billy or black-jack with him, but denied that he had struck deceased with it. Defendant also sought to show that the wound that caused deceased's death might have been produced by falling from his bunk in the jail house and striking his head on a post or concrete floor.

There is a sharp conflict in the evidence; the Bledsoe woman testifying positively that defendant struck de-

ceased on the side of the head with the black-jack or billy. She is corroborated by the witness Brown, who testified that he met the car driven by defendant and occupied by Falconer, the Bledsoe woman, and deceased; that, as he approached, the car driven by defendant was stopped, and, after some controversy, a man stood up, and he heard a lick as though some one was struck, and heard a woman say, "My God, you have killed him," or something to that effect.

Defendant testified positively that he did not strike the deceased with anything except his fist. Falconer is not so positive, but leaves the impression that he is trying to evade the question of what defendant did strike deceased with. This conflict was for the jury.

This court has repeatedly held that the jury are the exclusive judges of the weight of the evidence, and, if there is a clear conflict in the evidence, and it is such that different inferences can properly be drawn from it, this determination will not be interfered with, unless it is clearly against the weight of the evidence, or appears to have been influenced by passion or prejudice. Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

Defendant complains of instructions numbered 10, 11, 12, 13, 14, 15, and 18, which, because of their length, are not set out in this opinion.

The defendant's particular contention is that the court erred in instructing the jury upon the law of self-defense, since the defendant relied upon the fact that he did not strike the deceased with anything except his fist, and offered evidence to show that the death of deceased might have been caused by a fall from his cot in the jail.

While defendant contends here that his defense was not self-defense, that contention is inconsistent with the position he took in the trial court, because there defendant himself testified that deceased tried to grab the steering wheel and tried to strike him, and that he struck deceased with his fist because of the abuse and assault deceased was making on him. In the trial, defendant was permitted to introduce evidence of the bad reputation of deceased as being a quarrelsome violator of the law. This evidence was only admissible on the theory that the deceased was the probable aggressor in any affray that he may have had with defendant.

The instructions complained of are those usually given in a case where self-defense is interposed. Defendant's own evidence fairly raises the issue of self-defense, and it was not error for the trial court to give the instructions complained of.

It was up to the jury to determine whether the blow was inflicted in the manner that the state's evidence showed, or whether the defendant hit him merely with his fist. The trial court instructed the jury that the burden was upon the state to prove the defendant guilty beyond a reasonable doubt, and that the presumption of innocence attended him throughout the trial until this presumption was overcome by evidence that showed his guilt beyond a reasonable doubt. An examination of the record discloses that the defendant had a fair trial and that the evidence supports the verdict of the jury.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.

On Petition for Rehearing.

Since the filing of the original opinion, counsel for defendant has filed a petition for rehearing, in which it

is earnestly contended that this court overlooked the complaint of the defendant that the court erred in its instructions, in that the instructions assumed that the blow struck by defendant was the one that caused the death of deceased. It is also urged that the defendant does not rely entirely on the plea of self-defense, but, in addition, denies that he caused the death of deceased, and cites Stanfield v. State, 30 Okla. Cr. 82, 235 Pac. 256, and Walls v. State, 32 Okla. Cr. 108, 240 Pac. 146, in support of the contention that the instructions are erroneous.

We have carefully examined the record and find no testimony that deceased received any injury other than the blow from defendant. The argument is advanced that possibly deceased may have fallen from a cot in the jail and struck his head upon the concrete floor or come in contact with a post, sustaining injuries from which he died. This is a mere theory, not supported by the testimony nor the physical facts. The court is not to indulge in suppositions, but is to be governed by the evidence in the record, and particularly are the physical facts to be given weight. Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923.

We have carefully re-examined the instructions of the court, and find that the contention of defendant that the court took from the jury the question of whether the blow struck by defendant was fatal is without any merit.

For the reasons stated, the petition for rehearing is denied and mandate ordered to issue immediately.