## KILPATRICK v. STATE.

No. A-11050.  Jan. 4, 1950.

(213 P. 2d 584.)

W. F. Smith, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, W. E. Kilpatrick, was charged in the county court of Woodward county, with the crime of petit larceny, was tried to a jury, found guilty, and pursuant to the verdict of the jury was sentenced to serve 30 days in the county jail and pay a fine of $100.

The following specifications of error were presented in the brief of defendant:

"1. The State of Oklahoma failed to prove the venue of the alleged crime by direct or circumstantial evidence.

"2. The State of Oklahoma failed to prove the 'corpus delicti.'

"3. The trial court erred in refusing to allow testimony impeaching the prosecution witness.

"4. The trial court abused its judicial discretion in refusing defendant a continuance because of the absence of a material witness."

As to the first assignment of error, the record does not disclose in the evidence presented on behalf of the state any direct proof of venue, and very little circumstantial evidence, if any, from which venue could be inferred. At the close of the evidence of the state, coun-

sel for defendant demurred to the evidence on the ground that the state had failed to prove that a crime had been committed under the laws of the State of Oklahoma, which was overruled. The defendant then testified, and it is conceded that counsel for defendant in his examination proved, that the venue of the prosecution was in Woodward county, by showing the location of the premises involved in the prosecution. At the time judgment and sentence was pronounced, the trial court made a specific finding that the crime was committed in Woodward county.

In the early case of Brunson v. State, 4 Okla. Cr. 467, 111 P. 988, it is stated:

"Only those allegations in an indictment which involve the guilt of a defendant are to be proved beyond a reasonable doubt. The venue of an offense does not come within this class, but there must be some proof of venue."

Venue does not have to be proved beyond a reasonable doubt and may be proved by circumstantial evidence. However, venue must in some way be proven. Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584; Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671.

In Edwards v. State, 25 Okla. Cr. 167, 219 P. 427, it is stated:

"The record shows that the trial and conviction were had in Hughes county, in the county court of said county. This court will take judicial notice that the only place of holding the county court in Hughes county is at Holdenville, and that the judge of this court at the time of the alleged offense and at the time of the trial was Owen H. Rives.

"The testimony shows that the defendant sold one gallon of Choc beer at the Mecca Cafe, and that this Choc beer was an intoxicating liquor, and that the Mecca Cafe

was owned and operated by the defendant; that one of the witnesses was taken, immediately after the sale of this intoxicating liquor, to the office of the county judge, and that the county attorney and the sheriff were present; that this witness had been arrested for the same offense by T. H. Whaley, city marshal, who took the witness to the office of the county judge. It was shown that this was at the time that Owen Allen was drunk 'down here at the cafe'; also that some negroes were there (at the cafe) in a drunken condition; that there was also an immediate investigation at the 'police court over there.'

"From all of this we conclude that the offense was committed in Holdenville, in Hughes county; that while it would have been better practice to have proved the venue directly, in our opinion the circumstances shown in proof are sufficient to establish the venue. We do not mean to hold that, as to the defendant, there is a presumption that the offense proved was committed within the county where the case was tried, but only that where it is apparent that the court and the jurors have personal knowledge of the places named by the different witnesses, tending to show that the offense was committed within the county, and the defendant desires to challenge the venue, he should do so by a request for an instructed verdict because of insufficient proof of venue, and also as a ground for a new trial, in order that the trial court might determine this issue. No objections to the venue were interposed in this case."

In the instant case, the prosecuting witness stated that he lived on a particular street, but did not name the city or county. He stated that the slaughterhouse from which the corn was taken was northwest of town just west of the Katy roundhouse, but did not state what town or county.

Dan Potts and Roy Fields each stated that they were policemen in the city of Woodward, and on March 6, 1946, they went to the roundhouse and later to the slaughter-

house of the prosecuting witness, and arrested the defendant at the slaughterhouse, but did not state in what county or city it was located.

R. W. Walker testified that he was jailer of Woodward county on the date in question, and made an investigation of the supposed crime, but did not testify directly that it occurred in Woodward county.

The question of venue does not pertain to the guilt of an accused of the crime of which he stands charged. It is solely a question of the court's jurisdiction over the particular offense alleged in the information. In the instant case, the question of venue was not specifically raised and counsel for the defendant in the direct examination of the defendant when he testified in his own behalf asked him specifically about the location of the property involved, and defendant stated that it was near the city of Woodward in Woodward county.

Adhering to the rule established in the case of Edwards v. State, supra, it is our conclusion that where "the defendant desires to challenge the venue, he should do so by a request for an instructed verdict because of insufficient proof of venue, and also as a ground for a new trial, in order that the trial court might determine this issue."

In the instant case, the question of venue was raised in the motion for new trial, and the trial court made a specific finding of fact that the offense occurred in Woodward county.

We find little merit to the contention that the corpus delicti was not proven.

Ivan Mills, the prosecuting witness, testified that he was engaged in the slaughtering business, and that his

slaughterhouse was located west of the roundhouse on the north side of the Katy railroad tracks; that the defendant lived about 200 feet west of the slaughterhouse; that at the slaughterhouse there were other buildings belonging to the prosecuting witness, including a granary, corn shed, hog shed, and hog feeder; that the place was fenced with a hog wire fence with barb wire on top of it; that just prior to March 6, 1946, he had been missing some shelled corn; that finally he started to stay at his place at night trying to see who was taking his corn; that on the third night he had gone out there to watch, he was sitting down behind a knoll when he heard some corn being thrown into a bucket. It was shortly after dark. He saw the defendant and his son inside of the prosecuting witness' fence. When he first saw defendant, he was scraping corn out of the feeder. He started toward them and stepped on a stick causing it to pop. When the defendant and his son heard the noise, they commenced to run and Mills yelled at them to stop or he would shoot. By that time, the son had crossed the fence, but the defendant was still on the inside of Mills' fence. There were two buckets nearly full of shelled yellow corn on the inside of the fence, and two empty buckets on the outside of the fence. The buckets would each hold three or four gallons of corn. The corn was worth $1.75 per bushel. Mills took the two Kilpatricks to the roundhouse, called the officers to come after them.

The prosecuting witness did not specifically state that the corn was being taken without his knowledge or consent, but the circumstances are sufficient to show that a theft was committed. Counsel contend that corpus delicti was not proved because the corn in the buckets was never identified as corn belonging to Mills.

Mills did testify that the corn in his granary which he was feeding was yellow shelled corn. He saw the defendant scraping corn out of his feeder into a bucket, and the buckets which were seized contained shelled yellow corn.

The third assignment of error is directed at the refusal of the court to allow the defendant to show the details of a controversy had with the prosecuting witness over possession of a city dump which was operated by defendant. The defendant was allowed to state that he had a controversy with the prosecuting witness concerning the possession and operation of the city dump, but did not allow him to go into details concerning the controversy.

Ordinarily, a witness may be asked on cross-examination as to any matter which tends to disclose his friendship or bias in favor of either the state or the defendant for the purpose of affecting his credibility as a witness. Turner v. State, 87 Okla. Cr. 153, 195 P. 2d 767.

The defendant was allowed to detail enough to show that there had been some controversy between him and Mills over who would secure the contract from the city for operation of the city dump and that Mills had obtained the contract for 1947, and commencing January 1, 1947, had operated that dump.

It is difficult to say just how far a trial court should go in the admission of collateral matters such as this for the purpose of showing the relationship of the parties in so far as it would affect the credibility of the witness. It might have been that the court should have allowed the defendant to have gone into more details concerning the controversy with Mills, but the trial courts are nec-

essarily vested with a large amount of discretion in controlling the issues that are to be tried of the guilt or innocence of the accused, and should not allow the trial to be side-tracked by hearing the merits of a collateral controverted matter between the parties. The court's ruling in this regard will be sustained.

There was no error under the facts in the court overruling the motion for continuance on account of the absence of the witness Mrs. W. M. Kilpatrick, who was the wife of the son of defendant. Under the testimony of the defendant, she could hardly have known anything about what was alleged in the motion to which she would testify; secondly, if she would have testified to those facts, it would have been cumulative.

It has been held that it is not error to refuse a continuance where the evidence sought to be proved by the absent witness would be merely cumulative. Jackson v. State. 72 Okla. Cr. 226, 114 P. 2d 953.

The judgment and sentence of the county court of Woodward county is affirmed.

BRETT and POWELL, JJ., concur.