Jack TURNER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12129.

Criminal Court of Appeals of Oklahoma.

May 4, 1955.

Rehearing Denied July 13, 1955.

460

Long & Long, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Jack Turner, was charged by an information filed in the District Court of Garvin County with the crime of abandonment of his wife and two children; was tried, convicted and sentenced to serve a term of two years imprisonment in the penitentiary and has appealed.

Counsel who represented the accused at the trial withdrew after the conviction was sustained and present counsel were employed to represent the accused in connection with his appeal.

The principal point presented for reversal is the contention that the record wholly fails to disclose venue, it being stated in the brief of accused, " * * * there is not a

scintilla of evidence as to where this offense was committed, whether it was committed in Garvin County, McClain County, Murray County, or any other county in the State of Oklahoma."

■ The question of the failure of the State to prove venue was not raised in the lower court. We feel that this omission was no doubt due to the fact that counsel representing the accused at that time and the court were satisfied that the accused and his wife and child were living in Pauls Valley in Garvin County at the time of their separation and when the alleged abandonment occurred. In the case of Swift v. State, 92 Okl.Cr. 43, 220 P.2d 300, this court held:

"In a criminal case it is the duty of the prosecution to prove venue, but venue may be established by circumstantial evidence, and venue need not be shown beyond a reasonable doubt.

"If the defense has reason to question venue, counsel should not sit idly by and avoid the issue. If the defendant desires to challenge the venue because of insufficient proof of venue, not only should this issue be raised in the Motion for New Trial, but request for an instructed verdict should be interposed, in order that the trial court might have opportunity to pass on the matter.

"Unless the defense raises the question of venue by request for an instructed verdict because of insufficient proof of venue and also as a ground in Motion for New Trial, Criminal Court of Appeals will seek to uphold the jurisdiction of the trial court, because to do otherwise would encourage invitation of error."

To the same effect, see Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584; Brunson v. State, 4 Okl.Cr. 467, 111 P. 988; Edwards v. State, 25 Okl.Cr. 167, 219 P. 427.

■ While it is established law that venue may be proved by circumstantial evidence and does not have to be proved beyond a reasonable doubt, venue must in some way be proven. We have carefully read the record and find that the evidence of the State failed to establish venue. The only proof in the evidence of the State as to where the defendant and his wife were living was her mother's statement that they lived "on South Oak."

However, in the evidence of the accused, the defendant testified that he and the complaining witness were married "Here in Pauls Valley," and first lived "Down on South Pine" and then moved to South Oak.

Mrs. Aneta Burris, one of the witnesses for the defendant, testified that she lived in Pauls Valley at 106 South Hickory. That in 1952 she lived on South Oak next door to defendant and his wife.

J. A. Charles testified that he had lived on South Oak four or five years; that he knew defendant and his wife as they lived across the street from him.

The father of the accused testified that immediately after defendant's marriage he lived " * * * in Mr. Rainey's house, and then up in one of mine at 308 South Oak."

■ It is better practice to always specifically prove venue by questions showing without any doubt that the crime was committed in the county where the prosecution is being maintained. However, we are convinced from the above quotations that the court, the jury and the interested attorneys were familiar with the street addresses mentioned in the testimony and that all of the events about which the case revolved occurred in the town of Pauls Valley. We take judicial notice that Pauls Valley is the county seat of Garvin County.

■ Complaint is made of the giving of instruction number thirteen which pertained to the assessment of punishment by the jury. No exception was taken to the giving of this instruction. Substantially the same instruction was approved by this court in the case of Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350.

The third assignment of error is the contention that the county attorney was guilty of improper cross-examination of the accused when he was permitted to inquire whether the accused sought to have sexual relations with his wife just before their

second child was born and became enraged when she refused and that he left her stating that he was going over to Negro town to get satisfaction.

After a consideration of all the testimony of the defendant and his wife, we think this cross-examination was proper in view of the testimony that had been given by the defendant. It also bore on the relationship of the parties and the attitude which the accused took toward his wife.

At the time this case was assigned for oral argument, the defendant and his wife appeared in open court together and stated to the court that they had started living together again and that the accused was providing for his wife and two minor children, one aged two years and the other six months. The record discloses that during the married life of defendant he and his wife separated many times and that once she had filed a divorce action against him for failure to provide for her and the minor child and that he would each time return and start providing for her. For the four or five months preceding the trial of this case the wife and two children had been supported by the Department of Public Welfare.

We feel bound by the record and cannot consider any statements made to us outside of the record showing that the accused was now fulfilling his moral and legal duty of providing for his family. However, we call attention to the provision of the statute, 21 O.S.1951 § 855, wherein it is provided that where a person is convicted for desertion or willfully omitting to provide for his wife and children, he can execute an undertaking in the form provided by the judge of the court where the conviction was sustained, conditioned that he will pay to the clerk of the court each month a stipulated amount fixed by the court for the support of his family and that upon the execution of the undertaking the Governor may parole him conditioned that he fulfill his obligations under the undertaking.

If the defendant herein and his wife are again living together, he may take advantage of the above provision of law and proceed accordingly.

We have found no substantial error in the record which would require a reversal. The judgment and sentence of the District Court of Garvin County is affirmed.

BRETT and POWELL, JJ., concur.