**J. R. HOLSONBAKE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13769.**

Court of Criminal Appeals of Oklahoma.

June 29, 1966.

Sam Sullivan, Durant, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal from a judgment and sentence against J. R. Holsonbake, plaintiff in error, hereinafter referred to as the defendant, pronounced by the county court of Bryan County, Oklahoma, June 14, 1965.

Defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor. He was tried, convicted and sentenced to serve thirty days in the county jail, and pay a fine of $300, and the costs taxed at $27.95.

The Attorney General filed a motion to dismiss the appeal herein, for the reason that written notice of intention to appeal, and request for case-made was not filed, as required by Title 22 O.S.A. § 1060, which became effective May 19, 1965. The Attorney General's motion to dismiss should be, and the same is, overruled for the reason that defendant has substantially complied with the new statute.

Defendant cites several errors in his petition in error, but discusses only one error in his brief: that the State failed to prove venue and jurisdiction. This question was properly raised during the trial, by his demurrer to the evidence; and also, in his motion for new trial.

When the trial court overruled defendant's motion for a new trial, the court made a specific finding that the offense occurred in Bryan County. This Court has heretofore held:

"Venue does not have to be proved beyond a reasonable doubt and may be proved by circumstantial evidence. However, venue must in some way be proven." Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584, and others.

We are, therefore, of the opinion that venue was sufficiently proved.

■ We observe, from the record, that judgment and sentence was immediately passed, after the verdict was returned, without considering Tit. 22 O.S.A. §§ 961, 962. However, defendant failed to offer timely objection, and thereby waived his right to ·complain on appeal. While under these circumstances, it is not error, better procedure would have been for the trial judge to have appointed a time for pronouncing judgment, unless defendant waived his right under the statute.

■ While there is no error shown to ·exist in this record, considering the age and circumstances of the defendant; and since this is his first offense of this nature, we are constrained to believe that the sentence ·should be modified. The same is therefore, modified to a fine of $300, and costs.

As modified, the judgment and sentence is affirmed.

BUSSEY, P. J., and NIX, J., concur.