ROBERT LEE DIXON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5170

February 28, 1967                    424 P.2d 100

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Robert Lee Dixon was convicted of attempted grand larceny and thereafter adjudged to be an habitual criminal. He was sentenced to the Nevada State Prison for not less than one year nor more than seven years on the first count and for a period of not less than ten years nor more than ten years on the habitual criminal count. Dixon appeals from the conviction.

At the hearing before this court Dixon's counsel abandoned all but one assignment of error. He contends only that the State failed to prove that the crime was committed in Clark County, Nevada, as alleged in the indictment.

Dixon was accused of attempting to rifle the cash register of a Safeway Store in Clark County, Nevada. No testimony nor evidence directly referred to the city or county in which the store was located. However, the store manager testified that he resided in Las Vegas, that at the time of the trial (although not at the time of the offense) he was the Safeway Store manager of North Las Vegas, an adjoining city to the city of Las Vegas, and that on the date of this offense, October 19, 1965, he was employed at Store No. 335 on Tonopah Highway where the crime took place. The produce manager testified that at the time of the offense he was employed at Safeway Store No. 335, 701 Tonopah Highway, and the Safeway Store meat cutter likewise so testified. The defendant himself testified that he lived on 109 Frederick, Las Vegas, Nevada, and that he knew that the incident in which he was involved occurred in "the Safeway Store on or about October 19, 1965."

1. The general rule governing proof of venue is that there need be no positive testimony that the violation occurred at a specific place, but it is sufficient if it can be concluded from

the evidence as a whole that the act was committed at the place alleged in the indictment. United States v. Budge, 359 F.2d 732 (Ill. 1966); State v. Glasscock; 415 P.2d 56 (N.M. 1966); Holsonbake v. State, 416 P.2d 178 (Okl. 1966); State v. Gordon, 412 P.2d 875 (Ariz. 1966); State v. Crowe, 414 P.2d 50 (Kan. 1966); Tate v. People, 247 P.2d 665 (Colo. 1952); People v. Megladdery, 106 P.2d 84 (Cal. 1940). It is the duty of the prosecutor to prove venue. Venue may be established by circumstantial evidence and need not be shown beyond a reasonable doubt. Turner v. State, 285 P.2d 459 (Okl. 1955); Swift v. State, 220 P.2d 300 (Okl. 1950). (Smazal v. State, 142 N.W.2d 808 (Wis. 1966), compels the degree of proof to be beyond a reasonable doubt.)

It is better practice to prove venue by direct evidence and it is unfortunate that the time of courts must be taken up with argument and searching of evidence on such issues when a single question propounded by the prosecutor at the trial would have avoided the issue. Dustin v. People, 181 P.2d 457 (Colo. 1947). Notwithstanding this observation, it is our opinion that the circumstantial evidence heretofore related sufficiently established venue in this case.

2.   We note that this case was tried before our decision in Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966), in which we held that there can be only one assignment of punishment when a defendant is charged as an habitual criminal. However, failure to properly sentence does not render the entire trial and proceeding a nullity. Because of the discretion allowed to the trial court in this instance we direct that the case be remanded and the punishment corrected in accordance with Hollander. In all other respects the judgment of conviction is affirmed.

THOMPSON, C. J., and COLLINS, J., concur.