## JOHN MULLIKIN v. STATE.

No. A-2663. Opinion Filed April 9, 1917.

(163 Pac. 1113.)

**APPEAL AND ERROR—Venue—Conviction—Record.** In a criminal case the venue must be proved as laid in the information; and where there is no evidence of venue in the record, a conviction will be reversed.

*Appeal from County Court, Garfield County;*

*E. L. Swigert, Judge.*

John Mullikin was convicted of a violation of a prohibitory law, and he appeals. Reversed.

*H. J. Sturgis* and *E. C. Patton,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error was convicted under an information charging:

"That on or about the 27th day of August, A. D. 1915, in said county of Garfield, and State of Oklahoma, one John Mullikin did then and there unlawfully have in his possession intoxicating liquor, to wit, beer and whisky, for the purpose of selling, bartering, giving away, and otherwise furnishing the same to others, in violation of the prohibitory liquor laws of the State of Oklahoma, contrary to," etc.

From the judgment rendered upon the verdict, he appeals.

The evidence for the state was substantially as follows:

Elsworth Hume, sheriff of Garfield county, testified:

"Q. State whether or not you had occasion to go on East Broadway street about No. 122½ on or about the 26th of August, 1915.   A. I had.   I got a barrel of beer, and three cases of whisky, and four or five bottles, and some glasses."

Clarence Dewing testified that he went with Mr. Hume "to 122½ East Broadway about noon on the 26th or 27th of August; that the place is occupied by the Eagles' Lodge."

George Souter testified that John Mullikin prepares the banquets at the Eagles' Lodge, and that he had drunk liquor served at the banquets there.

At the close of the evidence counsel for plaintiff in error demurred to the evidence on the ground that the

same was wholly insufficient to prove the offense charged in the information.

It is contended on the part of plaintiff in error that the evidence is wholly insufficient to support the verdict and judgment, and that the evidence fails to prove any venue. Witnesses say that they went to 122½ East Broadway, but they failed to say what city, county, or state. Venue of an offense must be proved as alleged. *Litchfield v. State,* 8 Okla. Cr. 164, 126 Pac. 707, 45 L. R. A. (N. S.) 153; *Brunson v. State,* 4 Okla. Cr. 467, 111. Pac. 988. In the Brunson Case, Judge Furman said:

"Only those allegations in an indictment. which involve the guilt of a defendant are to be proved beyond a reasonable doubt. The venue of an offense does not come within this class, but there must be some proof of venue. * * * In this case the state did not even attempt to prove venue. It is true that the purchaser of the beer testified that he lived in Muskogee, and had lived there for five or six years; and he also testified that he met the defendant on the street, and asked him if he had any beer. He does not say what street, or in what town, this transaction occurred. If he had testified that this transaction occurred in the streets of Muskogee, then the proof of venue would have been sufficient."

In a criminal case the venue must be proved as laid in the indictment or information. The proof may be either direct or indirect, but it must be one or the other, and the record must show it, or this court will reverse a judgment of conviction. No such proof was offered in this case. The judgment of the lower court is therefore reversed.

DOYLE, P. J., and BRETT, J., concur.