JIM THIGPEN v. STATE.

No. A-7804. Opinion Filed May 16, 1931.
(299 Pac. 230.)

L. A. Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okmulgee county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve 30 days in the county jail.

The record discloses that, at the time charged, certain officers with a search warrant went to the residence of defendant. No one was at the place, and the officers unlocked the door with a pass-key and found a considerable quantity of beer and wine. They served a warrant by leaving a copy on a table in the house.

It is argued that the search was invalid for the reason that the entering of the house was unlawful. Section 2883, Comp. St. 1921, referring to search warrants, provides:

"The officer may break open an outer or inner door or window of a house, or any part of the house, or anything therein, to execute the warrant, if, after notice of his authority and purpose he be refused admittance."

Section 7009, Comp. St. 1921, providing the manner of service of search warrants is in part:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person. be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

Since the provisions of the law as to search warrants are drastic in their nature and the restrictions imposed

are intended to preserve the sanctity of the home, the officer attempting to serve a search warrant should carefully observe these restrictions of law. However, the law does not require the doing of useless things in order to comply literally with the terms of a statute. It is obvious that an officer armed with a search warrant is not required to demand entrance into a house when no one is there on whom demand could be made. There are few authorities upon this point. In Androscoggin R. Co. v. Richards, 41 Me. 233, it was held that an officer with a warrant to search for intoxicating liquors is not liable in trespass for breaking and entering a depot to serve such warrant where at the time of the entry the depot was locked and there was no one about to whom such request for admittance could have been made. In U. S. v. Camarota et al. (D. C.) 27 F. 388, it was held that the occupant of premises could not avoid the effect of a search warrant by absenting himself from the premises.

Where an officer is armed with a valid search warrant authorizing the search of a house, and no one is present therein of whom he may demand entrance, he is well within his rights in unlocking the door to enter the building. There appears to have been no objection to the manner of service of the search warrant by leaving a copy on the table instead of posting on the door as required by statute.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.