WILLIE ROBERTS et al. v. STATE.

No. A-8339. May 28, 1932.
Rehearing Denied June 18, 1932.
(12 Pac. [2d] 253.)

F. A. Greene, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of McIntosh county of having the illegal possession of intoxicating liquor and were each sentenced to a term of 30 days in the county jail and to pay a fine of $50.

At the time charged, the sheriff and deputies went to the premises of Le Roy Roberts with a search warrant to search for intoxicating liquors.   Defendant Le Roy Roberts and his family were absent; the only person present was defendant Willie Roberts, who when advised by the sheriff he had a search warrant for the premises immediately fled to the back of the house and partially submerged a pitcher containing whisky in a large slop can, but about this time the officers seized the pitcher and testified it contained about a half gallon of whisky with some water in it.   The copy of the search warrant was not served on him until after the whisky had been seized.

The principal complaint is that the search was invalid for the reason it was made before the search war-

rant was served. There is nothing in this contention. Section 7009, Comp. St. 1921, in part provides:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, * * * and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

Defendant Willie Roberts, under the undisputed evidence, had possession of the pitcher containing whisky at the time it was seized, and, as stated, was attempting to mix it with the kitchen slop. Neither law nor common sense requires an officer under such circumstances to serve the search warrant before seizing the whisky. Thigpen v. State, 51 Okla. Cr. 28, 299 Pac. 230; U. S. v. Camarota et al. (D. C.) 278 F. 388.

The evidence is not sufficient to sustain the judgment as to defendant Willie Roberts. He lived some two blocks away and had gone to the premises of his brother about ten minutes before the officers arrived. It is not shown that he had any connection with the whisky except temporary possession for the purpose of destroying it, and certainly not with any intent to sell, give away, or otherwise furnish the same. As to defendant Le Roy Roberts, the evidence is weak, but we are not prepared to say that it is insufficient. The case is, therefore, reversed as to Willie Roberts, and affirmed as to Le Roy Roberts.

DAVENPORT, P. J., and CHAPPELL, J., concur.