# J. W. (WESS) THOMPSON v. STATE.

No. A-11017.   July 13, 1949.

(208 P. 2d 584.)

Jack Bradley, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The defendant J. W. (Wess) Thompson was charged in the county court of Choctaw county, Okla., with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to served 30 days in jail and to pay a fine of $50.

The record discloses that defendant was in possession of some 16 pints of whisky. From the judgment and sentence herein imposed the defendant perfects this appeal. At the outset let us observe the defendant offered no evidence in his behalf designed to prove his innocence of the charge against him. He makes several assignments of error which we will consider in the order of their presentment.

The first contention is that the trial court erred in not granting his motion for a continuance requested by reason of the absence of R. L. Page, deputy sheriff, who was confined in the hospital. It was alleged if he were present he would testify that the search began before the warrant was served. In addition thereto, the court heard evidence on the motion. Thus the court knew in substance what the absent witness would testify to if he were present. The record herein, as to service of the warrant, completely refutes the allegation as to what the officer would have testified to. It shows the warrant was served on an 18-year old boy who was in charge of the

premises. It further discloses when it was found the defendant was on the premises in bed, a copy of the warrant was then served on him in person. Upon the hearing of this evidence the court refused a continuance. In so holding the court properly ruled. Title 37, § 84, O. S. A. 1941, reads in part as follows:

"A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, * * *."

This section would indicate that it would be required if a person was present and in possession of the liquor contraband a copy of the warrant should be served upon such person. The record herein clearly supports a compliance of the statute in this regard. Under the defendant's theory the search could not be had in absence of service of the warrant. Hence the request for a continuance to obtain the testimony of R. L. Page. Such a contention is clearly not within the contemplation of the provisions of the statute. The foregoing section of the statute further reads:

"* * * and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

It thus appears that it is within the contemplation of the statute that a search may be commenced and completed without personal service of a copy of the warrant if no person is on the premises at said time and in charge of the liquor. It is within the contemplation of the statute that the search may be commenced and service of a copy of the warrant be had upon the appearance of a person in charge of the premises after the search is commenced or service of the warrant may be made by posting the same on the door of the building or room in the absence of any one in possession. Roe v. State, 32 Okla.

Cr. 113, 240 P. 140. But there are cases where to require service of the warrant even when one was in possession of the liquor sought to be seized would defeat the ends of justice. Roberts et al. v. State, 53 Okla. Cr. 409, 12 P. 2d 253, is a case very similar to the one at bar, wherein the court held neither the law nor common sense requires an officer under such circumstances to serve a search warrant before seizing the whisky. Thigpen v. State, 51 Okla. Cr. 28, 299 P. 230; United States v. Camarota, D. C., 278 F. 388. While ordinarily the law contemplates if some person is present and in possession of the place to be searched the warrant will be served, before the search is commenced, but it is not always essential to a valid search, for it is not always possible so to do in the enforcement of the law. It is therefore apparent that personal service of the warrant before search is commenced is not essential to a valid search and seizure. In view of the foregoing conclusions we are of the opinion the evidence of R. L. Page would therefore have been immaterial, particularly when this record shows service of the wararnt as required by law. The denial of the continuance was a matter within the court's sound discretion, and the evidence amply supports his denial of the same. Murphy v. State, 72 Okla. Cr. 1, 112 P. 2d 438; Hiatt v. State, 67 Okla. Cr. 372, 94 P. 2d 262. Quite clearly he did not abuse his discretion. The motion for continuance was therefore properly overruled.

He next contends that the evidence was insufficient to sustain the conviction. This assignment is wholly without merit. The finding of the quantity of liquor in the case at bar in the defendant's presence, standing alone, was sufficient to justify the verdict of the jury if from all the evidence it believed possession of the liquor was for an unlawful purpose. Whitwell v. State, 72 Okla.

Cr. 192, 114 P. 2d 489. From their verdict they found that he was in possession of the liquor for an unlawful purpose.

Further, he contends that the court erred in giving instructions No. 2-A and 2-B. No objection or exception was saved in the trial to the giving of these instructions. No specific mention of these instructions is made at any stage of the proceedings until the question is presented on brief in this court. When a general reference to the instructions appears for the first time in the petition in error, such objections come too late in the absence of fundamental error. Bowers v. State, 56 Okla. Cr. 111, 34 P. 2d 292; Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795; Gentry v. State, 86 Okla. Cr. 92, 189 P. 2d 626. The instructions complained of were in some respects similar to that given in Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, cited by the defendant. The similarity arises in the fact that the trial court herein did not define prima facie evidence. There the similarity ends, for the trial court herein did not shift the burden of proof to the defendant as was done in Hughes v. State, supra. In the Hughes case, supra, as pointed out in Gentry v. State, supra, specific objection was made to the instruction and an exception saved to the giving of the same. Such is not the case here. This court has repeatedly held that the giving of an instruction will not be considered as error in absence of exception thereto, unless it is so fundamentally erroneous as to mislead the jury and thus deprive defendant of his constitutional right to a fair and impartial trial. Storer v. State, 84 Okla. Cr. 176, 180 P. 2d 202; Fields v. State, 85 Okla. Cr. 439, 188 P. 2d 231; Wingfield v. State, 89 Okla. Cr. 45, 205 P. 2d 320. This contention is therefore without merit.

Finally, the defendant questions the venue of the trial court. He says that the evidence is entirely insufficient to prove venue. The record in this regard supports this contention. The Attorney General in his brief concedes that there is no clear showing as to venue. He says the record discloses that the sheriff testified that after getting the search warrant for the premises of the defendant, he went out on Jackson street to defendant's place, that the property was located out "toward Holton's sale barn", that there was a filling station between the property and the sale barn. There was a 17 or 18 year old boy at the place. On cross-examination by counsel for the defendant, this boy was identified as a nephew of the defendant, the son of Zeno Thompson. The sheriff testified that Zeno Thompson lived on "West Main, I think". Whereupon, counsel for the defendant asked "The father of the boy does live here in town", to which the sheriff replied "Yes, sir". The foregoing evidence is entirely insufficient to meet the requirements of the law in a criminal case that the venue must be proved as laid in the information; and where there is no evidence of venue in the record a conviction will be reversed. Mullikin v. State, 13 Okla. Cr. 261, 163 P. 1113. To the same effect see O'Neal v. State, 17 Okla. Cr. 386, 188 P. 1092. It has been held that the proper practice for the state to prove venue is by direct and positive evidence, yet the essential test is whether or not venue has in some way been proven, and that venue may be established by circumstantial evidence. Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671; McColloch v. State, 45 Okla. Cr. 442, 283 P. 1026. The foregoing evidence as to venue in the case at bar does not meet the requirements of the law as to either direct or circumstantial proof of venue. The court will take judicial notice of the boundaries of the

state and the counties of the state and also the geographical locations of the cities and towns within the state. Fannin v. State, supra; Dodson v. State, 30 Okla. Cr. 135, 235 P. 268, 269; Goben v. State, 20 Okla. Cr. 220, 201 P. 812. But the courts will not take judicial notice of streets and buildings where there is no evidence to show in what town or city the same are located. The record in this case is entirely silent as to where the offense occurred, whether it occurred in Choctaw county, the city of Hugo, in the State of Oklahoma, or some place else. Under these conditions the proof does not support the venue as alleged in the information, and venue of the offense must be proved as charged. O'Neal v. State, supra. Therefore, for failure to prove venue, an essential element of the charge laid in the information, this case is accordingly reversed.

JONES, P. J., concurs.