## BOND v. STATE.

No. A-11462. Nov. 7, 1951.

(237 P. 2d 467.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Kenneth Bond, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with the offense of unlawful possession on April 8, 1950, of 15 pints of Sunny Brook, 7 pints of Belmont, 7 pints of Paul Jones, 7 pints of James E. Pepper, 2 pints of Hill & Hill and 1 pint of Gilby's gin, all tax paid intoxicants and allegedly possessed within Tulsa county, Oklahoma. A jury was waived and the case tried to the judge of the lower court, the defendant found guilty, sentenced to pay a fine of $100 and to serve 30 days in the county jail.

Preliminary to the trial on the merits a motion to suppress the evidence was interposed and evidence heard. In support of the motion to suppress, the defendant offered Deputy Sheriff Roy Bradshaw, who testified to the search being made under the authority of a search warrant, the validity of which was not in question. He swore that he and Sheriff Jack Jordan went to the home of the defendant, who when they approached came out of his home to their car, where he was served with the search warrant. Thereafter the search ensued. He said, they seized the quantity of liquor described in the return on the search warrant. The defendant's counsel offered in evidence the search warrant and affidavit, both of which contained the following description of the premises searched as follows, to wit:

"That said liquors are being disposed of and kept by one Kenneth Bond and John Doe whose more full and correct name is to affiant unknown, in the

manner aforesaid, on the following described premises, situated in Tulsa County, Oklahoma, within said County and State, to wit: a certain five room, two story frame house, which has been painted white, together with the barn and other out buildings near said building, all situated on the west half of the northeast quarter of Section 26, Township 18 North and Range 14 East in Tulsa County, Oklahoma, * * *."

In addition thereto, the sheriff's return disclosed the liquor, as hereinbefore described, was found on the premises as described in the search warrant, all in the possession of the defendant Kenneth Bond. At the conclusion thereof, the defendant agreed that the evidence on the motion to suppress might be considered, as the evidence on the merits of the case. In addition thereto, the state was permitted to introduce a certified federal retail dealer's permit, under the provisions of Title 37 O. S. 1941 § 81, as prima facie evidence of intention to violate the provisions of the state prohibition act. The pertinent part of the certified copy of the federal retail liquor dealer's permit is substantially, as follows, to wit:

"Name Kenneth E. Bond, Business Retail Liquor Dealer Place Broken Arrow, Oklahoma, From what Time 10-1-49 to 6-30-50 Amount of Tax $20.63 Date of Payment or Issue of Certificate, Oct 1949 Serial No. of Stamp 333146 Street and Number S/Side Hy #51—2 miles So. of Broken Arrow."

On the foregoing facts, the defendant urges but one contention, that the evidence was insufficient to establish venue. The defendant cites in support thereof Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584, 588, which certainly does not support the defendant's contention herein. In the Thompson case, there was no evidence at all to support the venue, and we said, "The record in this case is entirely silent as to where the offense occurred". It is therefore apparent, that the Thompson case is inapplicable here. In the case at bar, in the hearing on the motion to suppress, the defendant introduced the search warrant describing the premises to be searched as hereinbefore set forth. The officer's return showed the liquor seized was found on the premises in the defendant's possession, as described in the search warrant. Moreover, it is not disputed that the defendant's place of business was at the time of the search located on the south side of Highway 51, 2 miles south of Broken Arrow, Oklahoma, all as described in the federal retail liquor dealer's permit, introduced in evidence by the state. It is apparent that based upon the evidence of the search warrant and the sheriff's return and the federal retail liquor dealer's permit, this contention is wholly without merit. In Thompson v. State, supra, we said:

"The court will take judicial notice of the boundaries of the state and the counties of the state and also the geographical locations of the cities and towns within the state. Fannin v. State, supra [65 Okla. Cr. 444, 88 P. 2d 671]; Dodson v. State, 30 Okla. Cr. 135, 235 P. 268, 269; Goben v. State, 20 Okla. Cr. 220, 201 P. 812. But the courts will not take judicial notice of streets and buildings where there is no evidence to show in what town or city the same are located."

Moreover, we have said courts will take judicial notice of government surveys and subdivisions of land. Wishard v. State, 5 Okla. Cr. 610, 115 P. 796. In Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671, 673, wherein the evidence showed the offense was committed one mile east and one mile north of the town of Braggs, it was sufficient to show venue in Muskogee county. In the Fannin case it was further held:

"The proper practice is for the state to prove venue by direct and positive evidence, yet the essential test is whether or not the venue has in some way been proven. Venue may be established by circumstantial evidence."

In Kilpatrick v. State, 90 Okla. Cr. 276, 213 P. 2d 584, we said:

"Only those allegations in an indictment or information which involve the guilt of a defendant are to be proved beyond a reasonable doubt. The venue of an offense does not come within this class, but there must be some proof of venue."

Therein as herein the venue was established by evidence offered by the defendant himself. Herein, proof offered by the defendant on the motion to suppress under the law, unsupported by the evidence of the venue contained in the federal retail liquor dealer's permit, was sufficient to establish venue. It thus appears, both factually and legally, venue was clearly established herein not only by the state but by the defendant as well. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

JONES and POWELL, JJ., concur.