Carol HENSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12528.

Criminal Court of Appeals of Oklahoma.

Dec. 18, 1957.

Wheeler & Wheeler, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Carol Henson was charged by information filed in the court of common pleas of Tulsa County with the unlawful sale of intoxicating liquor, was tried before a jury, convicted and the jury assessed the penalty at imprisonment in the county jail for thirty days, and to pay a fine of $50. Appeal has been duly perfected to this court.

The State, to make out a case, produced two witnesses. The defendant did not testify, and offered no evidence.

Bill Roop testified that on January 8, 1957 he was employed as a deputy sheriff of Tulsa County, and that he went with two other deputies from the sheriff's office on that day to 1351 East Haskell Street, in the city of Tulsa. That he went in that house and purchased a half pint of Old Crow whiskey from the lady of the house, Carol Henson, paying her for said whiskey the sum of $2.25. Witness was asked if he saw the person in the court room who sold him the whiskey, and he answered that he could not positively identify her, but pointed to Carol Henson and said he believed she was the girl. He said it had been about four months since the incident and that following the purchase and after he arrested the defendant, he had turned her over to two other deputies to be taken to the county court house and booked. He said that when he called the two deputies to take the defendant into custody they were sitting in their automobile on a side street, and that they came in and conducted the defendant to the car and caused her to get in the back seat, and witness accompanied the party to the court house.

William L. Bliss, deputy sheriff of Tulsa County, testified that on January 8, 1957 he went with deputy Bill Roop to 1351 East Haskell Street in the city of Tulsa, and that Roop went in at that place and purchased a half pint of whiskey and placed the subject selling him under arrest, and then called witness and another deputy over to the house, and witness caused the person in question to get in the officers' car. He identified the defendant, Carol Henson, as the person in question. He further said that the officer who was with him and Roop was named Pruitt, but that Pruitt was at that time out on a case.

For reversal two propositions are raised, to wit:

(1) That the State failed to prove venue.

(2) That there was no proper identification of defendant as the person who allegedly sold the liquor to deputy Bill Roop.

■ Considering the last question first, the evidence recited shows that the arrest-

734

ing officer, Bill Roop, though he could not positively identify defendant at trial, stated that after he arrested her, he turned her over to the two officers who had accompanied him to make the purchase, and they placed the vendor in the back seat of the officers' car and drove her to the court house, and attended to the booking. Witness was in the car during the trip.

Officer Bliss swore that he and officer Pruitt were the two officers who accompanied officer Roop to 1351 East Haskell Street, in the city of Tulsa, where Roop purchased a half pint of whiskey, and that the defendant Carol Henson was the person Roop arrested and turned over to him for booking; and that he did drive her to the Tulsa County court house and book her. He pointed out the defendant as the person. Thus defendant was sufficiently identified.

 In their brief counsel argue that this court will judicially notice that the city of Tulsa lies in Tulsa County, and in Osage County as well, and they say that it therefore follows that it is not possible to establish venue in Tulsa County by reference to an address in the city of Tulsa. Bond v. State, 94 Okl.Cr. 423, 237 P.2d 467 is cited. The question was not specifically raised in the trial of the case, or on motion for new trial, or even in the petition in error filed herein, and deserves no consideration. Under such circumstances, the question now attempted to be argued was waived. See: In re Application of Poston, Okl.Cr., 281 P.2d 776, where the authorities are reviewed at some length, and where the majority rule was adopted. This court is never in sympathy with counsel attempting to invite error, if the question of jurisdiction was ever thought of by counsel prior to filing brief in this court. But be that as it may, in the Bond case this court, inter alia, said:

"The proper practice to prove venue is by direct and positive evidence, yet the essential test is whether or not the venue has in some way been proven. Venue may be established by circumstantial evidence."

In that case we also quoted from Thompson v. State, 89 Okl.Cr. 383, 208 P.2d 584, 588. There we said:

"The court will take judicial notice of the boundaries of the state and the counties of the state and also the geographical locations of the cities and towns within the state. [Citations omitted.] But the courts will not take judicial notice of the streets and buildings where there is no evidence to show in what town or city the same are located."

Here, in taking judicial notice that the city of Tulsa is located in two counties of the State, to wit: Tulsa County and Osage County, we do so by geographical reference, as shown by the maps. Only a very small portion of the northwest edge of the city of Tulsa lies in Osage County. The entire east side of Tulsa lies in Tulsa County, and the east portion of the various streets, including 1351 East Haskell Street, is therefore located in Tulsa County.

The judgment appealed from must be, and is, affirmed.

BRETT, P. J., and NIX, J., concur.