Donald MORRIS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13006.

Court of Criminal Appeals of Oklahoma.

July 5, 1961.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Donald Morris, plaintiff in error and herein referred to as the defendant, was charged with the offense of larceny of an automobile in Tulsa County, Oklahoma. At the trial in the District Court of Tulsa County on the 7th day of October, 1960 the defendant was found guilty by a jury and his punishment was fixed at 3 years in the state penitentiary. From the judgment and sentence this appeal was taken.

The only error that can be seriously raised and asserted by the defendant on this appeal is that the state failed to show that the offense was committed in Tulsa County.

The record of the testimony of witnesses produced by the state discloses that a 1960 Oldsmobile which was the property of Southwestern Avis Rent-a-Car, Inc. and bearing Kansas license number SG 52596, was taken to Greenlease-Ledterman Motor Co. for repairs on or about April 2, 1960 by Marion Tomlin, an employee of Avis Rent-a-Car, Inc. A Mr. B. George Hill who was an employee of Greenlease-Ledterman at that time testified that he received the car on Saturday and it was parked inside the building when he left his place of employment on that Saturday afternoon. He testified that when he returned the following Monday the automobile was missing and there was visible evidence of forcible entry through a second story window of the garage.

Deputy Sheriff Richard Stephens, Jr. and Tulsa police officer James Wimberly testified that on April 18, 1960 they observed the defendant walking from around the corner, south on Greenwood and Lattimore Place, enter and drive an Oldsmobile automobile and "that he drove to Greenwood

from Lattimore Place, turned right, went 2 blocks and turned right again on Marshall street * * *." There he was placed under arrest by the two men and taken to the Sheriff's office.

Deputy Stephens further testified that the automobile that the defendant drove had an Oklahoma license tag number 35–778. The automobile was impounded by the Tulsa police department and later returned to Mr. Tomlin. At this point the state rested and the defendant interposed the following motion, in part: "Comes now the defendant and requests the Court to advise the jury to return a verdict of not guilty upon the grounds that the evidence of the state is insufficient to sustain the allegations contained in the information herein; further upon the grounds that the evidence of the state has totally failed to show that the offense occurred within Tulsa County, State of Oklahoma * * *". Thereafter the state requested permission to reopen the case and recall officer Stephens and the request was granted. However, this subsequent testimony did not relate to the question nor proof of venue and the state rested, the defendant rested and renewed his request for a directed verdict.

■ The sole question for this Court to determine is whether venue was proved in the trial court as is required by Article 2, Section 20 of the Oklahoma Constitution. Many cases involving different aspects of venue have been decided by this Court and from the voluminous decisions rendered the following basic principles have emerged.

1. The question of venue does not pertain to the guilt of an accused of the crime of which he stands charged, but is solely a question of the court's jurisdiction over the particular offense alleged in the information. Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584.

2. The proper practice is for the state to prove venue by direct and positive evidence, yet the essential test is whether or not the venue has in some way been proven. Venue may be established by circumstantial evidence. Bond v. State, 94 Okl.Cr. 423,

237 P.2d 467 and Thompson v. State, 89 Okl.Cr. 383, 208 P.2d 584.

3. This Court will take judicial notice of the boundaries of the counties of the State and also the geographical locations of the cities and towns within the State. Bond v. State, supra, and Dodson v. State, 30 Okl.Cr. 135, 235 P. 268.

4. This Court will not take judicial notice of streets and buildings where there is no evidence to show in what town or city the same are located. Henson v. State, Okl. Cr., 317 P.2d 732 and Thompson v. State, supra.

5. The constitutional right to be tried in the county in which an offense is committed is a personal privilege which may be waived. In re Poston, Okl.Cr., 281 P.2d 776 and generally 14 Am.Jur. § 233, page 30.

6. Where it is apparent that the court and the jurors have personal knowledge of the places named by different witnesses, tending to show that the offense was committed within the county of trial, and defendant decides to challenge the venue, he should request an instructed verdict because of insufficient proof of venue and move for a new trial on that ground in order that the trial court may determine the issue. Edwards v. State, 25 Okl.Cr. 167, 219 P. 427 and Turner v. State, Okl.Cr., 285 P.2d 459.

■ In applying the foregoing principles to the case at bar it is clear that the state wholly failed to prove by direct evidence that the larceny occurred in Tulsa county. The only reference from which it might be inferred is that testimony relating to certain named streets and business establishments which this court cannot judicially recognize as being situate in Tulsa county. It is likewise clear that while the defendant may waive the proof of venue, in the case at bar he insisted at every stage in the proceedings to the necessity of the state establishing it by competent evidence.

When the state was allowed to reopen the case after having rested and after the defendant had moved for a directed verdict on the grounds that the state had failed to

prove that the crime was committed in Tulsa county, the state might easily have established venue by competent evidence. This it failed to do. In accordance with prior decisions of this Court and Article 2, Section 20 of the Oklahoma Constitution we are compelled to reverse and remand this cause for a new trial consistent with this opinion.

NIX, P. J., concurs.

BRETT, J., not participating.