Curtis B. WORKMAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16984.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1971.

John T. Lawson, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Curtis B. Workman, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Adair County, Oklahoma for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the county jail and a $50.00 fine, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Sheriff Harlin testified that he and his deputies were assisting the Highway Patrol in an accident investigation on Highway 51 directly in front of the State Line Tavern. He observed a vehicle being driven by the defendant proceeding in a direction away from Evansville, Arkansas, which turned into the parking lot of the State Line Tavern. The vehicle stayed in the parking lot just a minute or two and then pulled back onto the highway where the car stalled and died in the middle of the highway. The sheriff and his deputies proceeded to the stalled vehicle and observed the defendant driving the vehicle. The defendant's brother was a passenger. Upon removing the defendant from the vehicle, he observed the defendant's eyes were red, his speech was obscured, he was unsteady on his feet and his breath smelled of intoxicating beverages. He testified that in his opinion the defendant was under the influence of intoxicating liquor. His brother was in a similar condition.

Trooper Neal testified that he had an occasion to observe the defendant in the sheriff's car in the parking area of the tavern. He testified that in his opinion the defendant was intoxicated.

Testimonies of deputies Powell and Shell did not differ substantially from that of Sheriff Harlin. They testified that in their opinions the defendant was intoxicated. Deputy Powell testified that he observed an open container of vodka in the front seat between the defendant and his brother.

■ The first proposition asserts that the arrest of the defendant was illegal and evidence obtained therefrom was inadmissible. We are of the opinion that this proposition is patently frivolous. From observing the stalled vehicle, the sheriff not only had the right, but also the duty, to lend assistance in removing the stalled vehicle from the highway. In attempting to perform this duty, the sheriff and his deputies discovered the defendant in actual physical control of the vehicle in an intoxicated state. They therefore had the right to arrest the defendant for a public offense committed in their presence. Title 22 O.S.1961, § 196.

■ The next proposition "contends that the State failed to show by any evidence that the crime alleged and the information against the defendant was committed in Adair County, State of Oklahoma." We observe that although there was no direct evidence that the crime was committed in Adair County, several witnesses testified that the event occurred directly across from the State Line Bar. We further observe the Record reveals that the defendant did not raise the question of venue in the trial court nor did he request an instructed

verdict, because of insufficient proof of venue. In Morris v. State, Okl.Cr., 363 P. 2d 377 (1961), we stated:

"The constitutional right to be tried in the county in which an offense is committed is a personal privilege which may be waived. In re Poston, Okl.Cr., 281 P.2d 776 and generally 14 Am.Jur. § 233, page 30.

"Where it is apparent that the court and the jurors have personal knowledge of the places named by different witnesses, tending to show that the offense was committed within the county of trial, and defendant decides to challenge the venue, he should request an instructed verdict because of insufficient proof of venue and move for a new trial on that ground in order that the trial court may determine the issue."

In the instant case, the defendant's failure to properly raise the question of the venue in the trial court precludes his raising the same for the first time on appeal.

■ The next proposition asserts that the State of Oklahoma failed to identify the defendant at the trial as having committed the crime. This proposition is based on the premises that the State failed to ask the two basic questions:

"1. Do you know the defendant in this case, Curtis B. Workman?

"2. Would you point out the defendant, Curtis B. Workman?"

We have carefully reviewed the Record and are of the opinion that although the State of Oklahoma failed to ask the two standard questions, the defendant's identification is implicit throughout the transcript. Sheriff Harlin testified concerning the apprehension and arrest of the defendant as follows:

"Q. Sheriff, are you acquainted with and do you know the defendant in this case, Curtis Workman?

"A. Yes, sir.

"Q. Have you known him for sometime?

"A. About eight years.

" *   *   *

"Q. And while you were out there, did you have an occasion to see the defendant?

"A. Yes, sir." (Tr. 6 and 7)

Trooper Neal testified as follows:

"Q. Trooper Neal, did you have an occasion—well, I will ask you this: Do you know by sight the defendant here, Curtis Workman?

"A. Yes, sir, by sight.

"Q. For what length of time have you known him?

"A. Not too long by sight.

"Q. Do you have a recollection of having seen him on or about the 2nd day of May, 1971, in the early morning hours of that day?

"A. Yes, sir, I did." (Tr. 27)

Deputy Shell testified as follows:

"Q. Officer Shell, did you have occasion to be with the Sheriff on the night that the defendant, Curtis Workman, was arrested?

"A. Yes, sir.

"Q. You know the defendant, do you not?

"A. Yes, sir."

In dealing with a similar question in the recent case of Holt v. State, Okl.Cr., 489 P.2d 504, we stated:

"We further observe that the Record reflects that this objection as to the identification of the defendant was not raised at any stage of the trial, nor in the Motion for New Trial. We are of the opinion that, although it is the better practice for the prosecuting attorney to specifically ask a witness if he knows the defendant, and if the defendant is present in the court room to ask the witness to point out the defendant, that in the instant case, the identification of the defendant is implicit and inherent throughout the entire Transcript."

■ The final proposition asserts the trial court erred in permitting the introduction of the open bottle which required the defendant to defend two criminal charges

when he was only on trial for one charge. Although this proposition is improperly before this Court, in that the defendant failed to support the proposition with the citation of authority, we are of the opinion the same is totally without merit. In Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464, we stated:

"Coming now to the practical application of the rule approved by this court, it has been held in a long line of cases that where one is arrested for any traffic violation or any other offense committed in the presence of the arresting officers, and they then discover that the driver of the vehicle is in a state of intoxication, that as an incident to his arrest his vehicle may be searched for liquor, which of course would be pertinent as proof in support of a charge of drunk driving or more properly operating a motor vehicle while under the influence of intoxicating liquor. * * *"

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.