Dexter **DILLON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17707.

Court of Criminal Appeals of Oklahoma.

March 28, 1973.

Rehearing Denied April 11, 1973.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Dexter Dillon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Canadian County, Oklahoma, for the offense of Burglary in the Second Degree After a Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on the evening of October 25, 1971, at approximately 9:00 p. m. officer Whitington of the Mustang Police Department and another officer drove past Bob Cobb's Gibble Gas Station and noticed nothing unusual about the closed station. After a short time they returned by the station and saw two individuals inside with an automobile parked in front. Whitington stopped to investigate and defendant came out of the station and approached his automobile. Whitington noticed a cut upon the forearm of defendant and, upon approaching the station, found a front window broken next to the door latch, and the door was open. Inside, Whitington found several dents and pry marks on a soft drink machine. Whitington further made a quick search of defendant's automobile and noticed a tire tool and screwdriver lying on the back seat.

Officer Whitington and Canadian County Deputy Sheriff Mike Grimes further testified without objection about the arrest, pictures taken at the scene, Miranda warnings given the defendant, waiver and consent to search forms signed by defendant, the subsequent search of defendant's automobile and the tire tool and screwdriver

found therein. The written Miranda waiver, the written consent to search, the tire tool and the screwdriver were also admitted into evidence without objection.

Mr. Robert Lee Cobb testified that he was the owner of the station, that the station was secured when he left that evening, that he gave no one permission to enter the station and that nothing was missing.

A Mr. Otto Griffin then testified that he was the owner of a local wrecker service and that on the night in question he picked up an automobile at the request of the Mustang Police Department and adequately secured same overnight. He further testified that some time before noon on the following day an officer came back and searched the automobile and took some tools out of the back seat.

Defendant urges in his first proposition that the state failed to prove venue since at no place in the record was there clear proof that the act was committed in Canadian County. With this contention the Court cannot agree.

█ Venue, if objected to, must be proved as laid in the information, and where there is no evidence of venue in the record a conviction will be reversed. Thompson v. State, 89 Okl.Cr. 383, 208 P. 2d 584. Venue in a criminal action need not be proved beyond a reasonable doubt. Vanderslice v. State, 59 Okl.Cr. 192, 57 P. 2d 267. Venue may be established by direct testimony or circumstantial evidence, or both. McMurty v. State, 81 Okl.Cr. 24, 159 P.2d 567.

█ This Court has held in Application of Poston, Okl.Cr., 281 P.2d 776, in the third syllabi as follows:

"The right guaranteed by the State Constitution to trial in the county where the offense was committed relates to the venue rather than jurisdiction, and may be waived by failure to make the objection at or before trial, preventing raising of the question on appeal or where release is sought by way of writ of habeas corpus."

An examination of the record in the instant case reflects that defense counsel did not raise the question of venue either before or during the trial. The record also reflects that Robert Lee Cobb testified that his station was located in Canadian County. Therefore, for the reasons set forth above, this Court must hold that defendant's proposition concerning venue is without merit.

█ Defendant next urges in his second proposition that the state failed to identify affirmatively the man on trial as being one and the same person as the man charged, and there was no indication that defendant was even in the courtroom during the trial proceedings. Defendant also urges that the state failed to prove each and every allegation as contained in the information.

An examination of the transcript of the testimony reflects that it is replete with instances that establish defendant's identity and his presence at the trial. For example, the transcript at page 41 contains the following question posed by defense counsel on cross-examination and the following answer:

Q. "Did this defendant, Mr. Dillon, cooperate with you in all manners?"

A. "Yes."

Although there can be no doubt that it is much better procedure for one of the state's witnesses to identify positively the defendant as the person charged and to establish his presence in court, the record in the instant case is sufficient.

█ Defendant's brief further contends that the record is void of any evidence supporting the element of "willful and felonious intent . . . to steal property" as required by Title 21, Oklahoma Statutes, Section 1435; and that the state wholly failed to prove the defendant reached in and unlocked the front door as alleged in the information.

Citing Cooper v. State, Okl.Cr., 490 P.2d 762, which holds that:

"The offense [of burglary] is complete when the building is broken into and en-

tered with specific intent to steal, and the actual stealing is but evidence of such intent. The intent to steal may be established by circumstantial evidence. The taking of the property was not a necessary ingredient to the offense charged."

The state contends that there was adequate and sufficient circumstantial and direct evidence reflected in the transcript to prove the element of willful or felonious intent to steal and the other material allegations of the information. With this contention we agree. The transcript reflects that there were pry marks on the soft drink machine and that the tire tool fit said marks. The window was broken by the front door latch, and defendant's arm was cut or scratched. An adequate instruction on circumstantial evidence was given by the trial court. The Court, therefore, holds that there was adequate evidence presented at the trial to prove all elements of the crime charged and all material allegations of the information.

■ Defendant's third proposition argues that defendant was not properly advised of his Miranda rights and that, therefore, his subsequent written consent to the search of his automobile was void. Defendant cites Schorr v. State, Okl.Cr., 499 P.2d 450, in support of his argument and further contends that, since the consent was void, the tire tool and screwdriver found in said search were inadmissible.

An examination of the record shows that defense counsel did not file a motion to suppress, nor did he object to any testimony concerning the search or the admission of evidence obtained therefrom. In Watson v. State, Okl.Cr., 382 P.2d 449, in the first syllabi, this Court held as follows:

"An objection to evidence obtained by illegal search and seizure must be interposed at first opportunity and should be made either at beginning of trial by motion to suppress evidence or in the course of examination as soon as it becomes apparent that State will rely thereon, and defendant's failure to make

timely objections waives right to be heard upon this question."

This Court, therefore, holds that defendant waived any objection to the search and cannot raise same on appeal for the first time. The arguments concerning the propriety of the Miranda warnings given defendant and their effect on the written consent to search are, therefore, irrelevant in this particular case; and defendant's third proposition is without merit.

■ However, this Court should mention that, if the matter were properly before us, we would have to hold that the tire tool and screwdriver were admissible since they were discovered in a legal search of defendant's automobile incidental to a legal arrest for burglary in the second degree which was being committed in the presence of the arresting officers. The record reflects that the tire tool and screwdriver were on the rear seat of the automobile at the time of the arrest and that they were so discovered at that time. The vehicle, with the discovered tools therein, was immediately placed in storage and adequately protected until the next morning when the officer returned to retrieve the tools. Again, the Miranda warnings given and the propriety thereof are irrelevant.

■ Defendant's fourth proposition urges that certain hearsay evidence was admitted which was highly prejudicial to defendant and that the admission thereof constitutes reversible error. However, the record reflects that no objection was made to the introduction of said evidence. This Court has held on many occasions that the introduction of hearsay evidence must be objected to during the trial and may not be raised for the first time on appeal. Davis v. State, Okl.Cr., 488 P.2d 932; Davis v. State, Okl.Cr., 451 P.2d 974; Eaton v. State, Okl.Cr., 404 P.2d 50; Young v. State, Okl.Cr., 373 P.2d 273; Phillips v. State, Okl.Cr., 330 P.2d 209. Therefore, this Court finds defendant's fourth proposition of error without merit.

In defendant's final proposition he contends that the punishment imposed, ten

(10) years in the state penitentiary, was greater than that authorized by statute and therefore excessive.

Title 21, § 51 (1971) of the Oklahoma Statutes covers punishment for second and subsequent offenses. This section provides in part as follows:

1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the penitentiary for a term not less than ten (10) years.

2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five (5) years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten (10) years.

Defendant contends that the statute is ambiguous when applied to second degree burglary since defendant would be punishable from two (2) to seven (7) years for a first conviction. Defendant further contends that defendant should be given the benefit of the doubt and punished under paragraph two (2) above.

 With this contention we do not agree. In the case of Fulton v. State, Okl.Cr., 491 P.2d 789, this Court held that the intent of the Legislature in enacting the "after former conviction" legislation was to enhance punishment and not to decrease same. In West v. State, Okl.Cr., 484 P.2d 538, this Court held in a similar circumstance that a ten (10) year sentence for burglary in the second degree after former conviction of a felony under the above statute was not excessive since it constitutes the minimum sentence under the law. Therefore, this Court finds that defendant's final proposition is also without merit.

In conclusion, this Court observes that the Record is free of any errors that would justify modification of sentence or require reversal of the verdict. The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.