Donna Louise VORAN, and Peter Eric
Neamtz, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–74–394.

Court of Criminal Appeals of Oklahoma.

June 13, 1975.

Ungerman, Grabel & Ungerman, Tulsa,
for appellants.

Larry Derryberry, Atty. Gen., Bill J.
Bruce, Asst. Atty. Gen., James D. Bednar,
Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Donna Louise Voran and Peter Eric Neamtz, hereinafter referred to as defendant Voran and defendant Neamtz, were charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–1398, for the offense of Assault and Battery With Intent to Kill, in violation of 21 O.S.1971, § 652. The punishment of each defendant was fixed at a term of ten (10) years, three (3) years imprisonment and the remaining seven (7) years on probation. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced at the trial revealed that defendant Neamtz and defendant Voran were in love and wanted victim Steven Wayne Voran to agree to a divorce. The incident that gave rise to the charges being filed against the defendants, arose on the 31st day of July, 1973, at Bird Creek. While Mr. and Mrs. Voran were at Bird Creek and 46th North in Tulsa County, target shooting, defendant Neamtz arrived unannounced. After some idle talk, the three walked toward the bridge which crosses Bird Creek on 46th North. As Mr. Voran and defendant Neamtz reached the bridge and were sufficiently beneath it to be hidden from view of the road, Mr. Voran testified that defendant Neamtz grabbed him around the neck and placed a .38 caliber revolver against his head and threw him on the ground. A struggle ensued, causing defendant Neamtz to lose control of the .38 and it fell to the ground, where it apparently remained throughout the struggle. Mr. Voran testified that the defendants struck him repeatedly upon the head while attempting to drown him. Bleeding severely from his head lacerations, Voran stated that he broke free from the defendants and, while fleeing, was shot in the right thigh; however, he was able to reach his car and drive to the Port of Catoosa, where he obtained assistance.

Officer Jess McCullough, of the Tulsa Police Department, testified that the incident took place on the east bank of Bird Creek, which he determined to be in Tulsa County. Officer McCullough stated that ". . . noticed a posted marker on the south side of the road as you're heading east that stated, 'Enter Rogers County, leave Tulsa County.' This sign was ⅗₀th of a mile east of the east end of the bridge." (Tr. 89). Defendants objected to the competency of McCullough to testify as to whether the incident occurred in Rogers or Tulsa County as being unsupported by the evidence, and the objection was overruled.

Both defendants testified as to the altercation, and further that in discussing the divorce, Voran responded that he would kill Neamtz first. According to defendant Neamtz, Voran became violent and he tried to render Voran immobile by striking him on the head with the .44 [1], at which time Voran broke away and defendant Neamtz next heard defendant Donna Voran explaining that Voran had a gun. Defendant Neamtz immediately fired the .44 in the direction of Voran, not aiming to kill him. He stated he did not realize Voran had been hit, until he later heard a radio announcement, while the two defendants were driving toward Tulsa in his car. In his explanation for leaving the state after the incident, defendant Neamtz stated that he wanted to see a friend and to talk with a lawyer.

In their first assignment of error, the defendants contend that reversible error was committed by the trial court in remanding the case to the magistrate after defendants' Motion to Quash the Information and Demurrer to the evidence at the Preliminary Examination had been sustained. The defendants' contention is

---

1. It was Donna Voran's testimony that Mr. Voran brought both a .38 and a .44 caliber revolver to Bird Creek for target practice.

based upon Jones v. State, Okl.Cr., 481 P. 2d 169 (1971). The *Jones* case concerns a dismissal at the preliminary examination, for lack of sufficient evidence to hold the accused over for trial. This Court ruled that such a dismissal is final and binding, upon the accused, and all other magistrates, unless the State can justify an additional preliminary examination by production of additional evidence or showing existence of other good cause.

The case at bar contains no dismissal at the preliminary examination. It is evident that the examining magistrate found probable cause to conclude that the crime charged was committed by the defendants. Since no dismissal existed, the instant case does not come within the purview of *Jones*, supra.

The remanding of the case to the examining magistrate for a second preliminary examination on the question of venue does not constitute prejudice to the defendants as former jeopardy. The defendants' Motion to Quash the Information and Demurrer to the preliminary examination evidence, in effect, waives any claim of former jeopardy since the defendants are asking the trial court to remand or dismiss the case. Even if the above motions by the defendants did not constitute a waiver, the requirements for former jeopardy to attach, set forth in Sussman v. District Court of Oklahoma County, Okl.Cr., 455 P.2d 724 (1969), have not materialized. The examining magistrate found the venue to be properly within Tulsa County. Accordingly, the defendants' first assignment of error is without merit.

In their second assignment of error, defendants assert that the trial court committed reversible error in finding that venue properly lay in Tulsa County. Defendants contend that the State failed to prove proper venue and accordingly the trial court erred in overruling defendant's Motion for New Trial.

The testimony of Officer Jess McCullough, offered by the State concerning the question of venue, is sufficient to establish venue in Tulsa County. Venue must be proved as stated in the Information. Thompson v. State, 89 Okl.Cr. 383, 208 P.2d 584 (1949). The State's proof of venue in a criminal action need not be beyond a reasonable doubt and may be established by direct or circumstantial evidence. Dillon v. State, Okl.Cr., 508 P.2d 652 (1973), reiterating Vanderslice v. State, 59 Okl.Cr. 192, 57 P.2d 267 (1936), and McMurtry v. State, 81 Okl.Cr. 24, 159 P.2d 567 (1945). The State has met its burden, therefore, the defendants' second assignment of error is without merit.

In their third assignment of error, the defendants assert that reversible error was committed when the trial court gave the following instruction on flight, and recorded at page 64 of the record before this Court:

"INSTRUCTION NO. 9:

"You are further instructed that evidence has been introduced for the purpose of showing that the defendants departed from the scene of the alleged crime. Flight of a defendant is a circumstance which the jury may consider in determining guilt. You are instructed that in considering the subject of flight, you must first determine whether or not the actions of a defendant constitute flight. In this connection, you are told that you may consider all the facts and circumstances before you; and if, after a consideration of such evidence, you are convinced, beyond a reasonable doubt, that a defendant fled with guilty knowledge of the alleged crime and to avoid prosecution, then such flight is a circumstance that may be considered by you with all the other facts and circumstances in evidence in determining the question of his guilt or innocence."

This Court, in Farrar v. State, Okl.Cr., 505 P.2d 1355 (1973), stated as follows:

". . . [T]he standard governing jury instructions relative to flight is not whether other explanations may be ex-

plicable of the circumstances surrounding apprehension, but whether, viewed in the context of other evidence, it tends to establish guilty or innocence."

See also, Graham v. State, 80 Okl.Cr. 159, 157 P.2d 758 (1952).

■ Immediately after hearing a radio announcement describing them as suspects in the crime involved, the defendants left Tulsa County, eventually reaching Canada. Although defendant Neamtz testified that their intention was to seek legal advice and not to avoid prosecution, their admission of leaving the jurisdiction, warrants a flight instruction. When controverted evidence is admitted relevant to flight of a defendant, a question of fact exists to be considered by the jury in determining whether the departure of the defendant from the jurisdiction was evidence of guilt. See Padillow v. State, Okl.Cr., 501 P.2d 837 (1972). Accordingly, the instruction on flight was properly given in the case at bar. Evidence showing that the defendants returned to Tulsa County and surrendered to the District Attorney, voluntarily, does not preclude a flight instruction. Potter v. State, Okl.Cr., 511 P. 2d 1120 (1973).

■■ The instruction given by the trial court on flight adheres to the requirements for such instruction, set forth in Wilson v. State, 96 Okl.Cr. 137, 250 P.2d 72 (1952), and is proper. Additionally, if the defense counsel objects to any instructions given by the court and does not reduce his suggested alternatives to writing, counsel has waived the right to challenge objectionable instructions on appeal. See Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231 (1947). From the foregoing authority, the defendants' third assignment of error is without merit.

In their fourth assignment of error, defendants contend that the trial court committed reversible error in overruling their Motion for New Trial with regard to improper remarks made by the State, both during the trial and argument. In the brief, counsel for defendants states:

". . . Such misstatements of the evidence occurred during the cross-examination of Neamtz (Tr. 273, Tr. 274, Tr. 275, Tr. 281) and even more damaging during the prosecution's closing argument, (Tr. 360, Tr. 365). . . ."

From the record, we find only one objection interposed, which appears at Tr. 273:

"Q. You heard Donna say that you never got in the water?

A. No, sir.

Q. You didn't? You were present when she testified, weren't you?

MR. UNGERMAN: I missed that question that Donna said they never got in the water, that wasn't her testimony. We would object to that.

THE COURT: If the witness wants to answer, that's not the testimony, that's his prerogative.

MR. UNGERMAN: We think that where counsel deliberately misstates the testimony, that's highly objectionable. Note our objection.

THE COURT: I'm sure the jury will remember better than we will.

"(By Mr. Hopper) Were you present when Donna said you did not have Steve in the water?

A. I didn't hear her say that, sir.

* * *"

This Court has repeatedly held that only those questions which were raised in the trial court, on which adverse rulings were made and exceptions taken and which were then incorporated in the Motion for New Trial and assigned as error in petition, will be considered on appeal. See Pierce v. State, Okl.Cr., 491 P.2d 335 (1971); Cook v. State, Okl.Cr., 471 P.2d 477 (1970).

■ When the Judge advised that if the witness wanted to answer that that was not the testimony, and the witness did say, "I didn't hear her say that, sir," the same was certainly not prejudicial. All other statements claimed as error were not objected to, and were, therefore, waived.

Further, in Glazier v. State, Okl.Cr., 514 P.2d 87, this Court stated:

". . . We have previously held that if counsel wishes to reserve the record during closing argument, the State, when an objectionable statement is made by the prosecuting attorney, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that the objection is overruled, an exception should be taken to the ruling of the court, preserved and argued in the motion for new trial. . . ."

For the above reasons, and the foregoing authority, and having found no fundamental error, we hold that defendants' fourth assignment of error is without merit.

 In their final assignment of error, defendants contend that the verdict returned is contrary to the evidence. As this Court stated in Jones v. State, Okl.Cr., 468 P.2d 805 (1970):

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Such is the circumstance here, therefore, defendants' final assignment of error is without merit.

After a thorough review of the record, and finding no error which would justify modification or reversal, we are of the opinion, and therefore hold, that the judgments and sentences appealed from be, and the same are hereby, affirmed.

BLISS, J., concurs.

BRETT, P. J., concurs in results.