**Bobby ANDERSON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. F–82–502.**

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1984.

Mac Olyer, Oyler & Bane, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

Bobby Anderson was convicted of Robbery by Force and Fear, After Former Conviction of Two or More Felonies, and was sentenced to forty years' imprisonment. Appellant makes several assignments of error, one of which we find dictates reversal of the judgment. It alone will be addressed.

■ At the close of the State's case in chief, appellant demurred on several grounds and moved for an instructed verdict of acquittal. His motion was denied. One ground asserted was that the State had failed to prove venue. He made this assignment again in his motion for new trial, and has properly preserved it. *Morris v. State*, 363 P.2d 377 (Okl.Cr.1961).

This Court's opinion in *Morris* provides a synthesis of our caselaw enforcing the right to be tried in the county where the offense occurred as granted by Article II, Section 20 of the Oklahoma Constitution. We there noted the rule that while venue may be proven by circumstantial evidence, it must be proven by the State.

■ In the present case, the evidence suggests that the crimes occurred at the

victim's home in "Canadian Shores". This, plus evidence that the crimes were investigated by a Pittsburg County Sheriff's deputy, are the only indications of venue.

We have held that we will take judicial notice of the boundaries of the counties of the State, and geographical location of cities and towns within the State. *Id.*, at 379, citing *Dodson v. State*, 30 Okl.Cr. 135, 235 P. 268 (1925). But, we have refused to judicially notice streets and buildings when there's no evidence as to the town or city in which they are located. *Id.* citing *Henson v. State*, 317 P.2d 732 (Okl.Cr.1957) and *Thompson v. State*, 89 Okl.Cr. 383, 208 P.2d 584 (1949). The record in the present case does not provide evidence of what Canadian Shores is, in what city or town it is located, its location in reference to any geographically recognizable point, or whether it is in Pittsburg County. Even on appeal, the State has failed to support its argument that venue was proven by giving the Court this necessary information. The State failed to prove venue, and the trial court should have sustained appellant's demurrer on this ground.

The judgment is REVERSED and the case REMANDED for a new trial consistent with this opinion.

BUSSEY, P.J., and BRETT, J., concur.