David Autry, Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

**Phillip Ronald MATHIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–22.**

Court of Criminal Appeals of Oklahoma.

March 10, 1987.

OPINION

BUSSEY, Judge:

The appellant, Phillip Ronald Mathis, was tried and convicted in the District Court of Latimer County for the crime of Feloniously Carrying a Firearm in Case No. CRF–83–92 and was sentenced to ten (10) years imprisonment, and he appeals. Appellant makes several assignments of error, one of which we find dictates reversal of the judgment; therefore, it alone will be addressed.

At the close of the State's case in chief, appellant moved for a directed verdict on the ground that the State failed to establish venue. The trial court overruled his motion.

■ It is the general rule of this State that the State's proof of venue in a criminal

action need not be beyond a reasonable doubt and may be established by direct or circumstantial evidence. *Voran v. State*, 536 P.2d 1322 (Okl.Cr.1975). This Court has also held that we will take judicial notice of the boundaries of the counties of the State, and geographical location of cities and towns within the State. *Morris v. State*, 363 P.2d 377 (Okl.Cr.1961). However, we have refused to judicially notice streets and buildings when there is no evidence as to the town or city in which they are located. *Id.*

■ In the present case, the evidence reflects that the crime occurred at Posse's Bar. This, plus evidence that the crime was investigated by a Latimer County undersheriff, are the only indications of venue. The record does not provide evidence in what city or town Posse's Bar is located, its location in reference to any geographically recognizable point, or whether it is in Latimer County. Consequently, we find that the State failed to prove venue, and the trial court should have sustained appellant's motion for directed verdict.

The judgment is REVERSED and the case REMANDED for a new trial consistent with this opinion.

BRETT, P.J., and PARKS, J., concur.